## Abell et al. v. Collins, et al.

(Decided November 23, 1917.)

### Appeal from Marion Circuit Court.

1. Descent and Distribution—Sale of Dower—Advancements.—Where-
by a judgment rendered in an equitable action brought by the
administrators to settle a decedent's estate, a son of the dece-
dent—then indebted to the estate upon notes which were later
merged into a judgment, that was never paid—was charged with
certain advancements from the decedent, not evidenced by the
notes, largely in excess of those received of him by his other
heirs at law, and declared entitled to nothing more out of the
estate until the other heirs at law were made equal out of debts
due the estate, or, if not collected, out of the proceeds realized
from the sale of the dower of the decedent's widow, at her death.
Held: that in an action brought after the son's death by the other
heirs at law of the father to obtain a sale of his widow's dower
land and division of the proceeds, to which the deceased son's
four children and only heirs at law were made defendants, the lat-
ter were properly excluded by the judgment of the court from
sharing in the distribution of the proceeds of the dower land; it
being apparent from the evidence that a distribution among the
other heirs at law of their grandfather of the entire proceeds of
the dower land, would give none of them an amount equal to
the total of the advancements received by the deceased son from
his father and his indebtedness to the latter's estate.

2. Limitation of Actions—When Plea Not Available.—In the state
of case above indicated the heirs at law of the deceased son
could not, by pleading the statute of limitations, defeat the right
of the heirs at law of their grandfather to charge them in the
distribution of the proceeds of the dower land with the amount
of their father's indebtedness to their grandfather's estate, as
well as the amount of the advancements made him by the latter,
as this right was given by the judgment in the action brought
by the administrators to settle the grandfather's estate, which
judgment was never appealed from or reversed.

HUGH P. COOPER for appellants.

H. S. McELROY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

This action was brought in the Marion circuit court
by the appellee, Dinah Collins, and others, against the ap-
pellants, Bruce E. Abell, and others, to obtain a decree
for the sale of a 244-acre tract of land in Marion county,
which had been, in 1881, allotted to Elizabeth Abell, as
dower in the lands of her husband, Peter Abell, deceased.

The prayer of the petition also asked for a division of the proceeds of the land among the heirs at law of Peter Abell. The widow died in 1915. The parties to the action are heirs at law of Peter Abell, deceased. It was alleged in the petition that Peter Abell, in November, 1880, died intestate and domiciled in Marion county, survived by his wife, Elizabeth Abell, and thirteen children. One of the sons, F. T. Abell, died in 1913, also intestate, survived by the following children, the appellants: Bruce E. Abell, Annie, Mattie, Lula and Lizzie Abell, all of whom are adults and the daughters married; Annie being the wife of Chas. Hall, Mattie the wife of Wm. Wallace, Lula the wife of Tony Kittle, and Lizzie the wife of J. T. Cook. The children of F. T. Abell above mentioned, together with the wife of the son and husbands of the daughters were made defendants in the action.

It was further alleged in the petition that Peter Abell owned at the time of his death several tracts of land in Marion county, which, except the tract of 244 acres allotted the widow as dower, shortly after his death were sold in an action brought by his administrators in 1881 to settle his estate, pay the debts of the decedent and distribute the estate among the heirs at law; that it was the intention of Peter Abell to distribute his estate equally among his children, and to that end that he charged in a book kept for that purpose certain of his children with advancements made by him to them; that among those charged in that book with such advancements by the decedent were his sons, Geo. R. and F. T. Abell, the amounts advanced them, respectively, being largely in excess of any advancements made to his other children, for which reason they were, by the judgment entered in the action brought by the administrators, excluded from receiving any part of the estate then distributed; it being therein recited that what was then in the hands of the administrators when distributed among the other heirs at law, would still leave each of them short of receiving from the decedent's estate what had been advanced Geo. R. and F. T. Abell by their father. Therefore, the judgment directed that the deficit as to each heir be later paid out of certain outstanding debts in the hands of the administrators owing the estate when collected, but if not collected that such deficits be paid out of the proceeds of the dower land at the death of Peter Abell's widow. The petition in the instant case contains, in substance, the further averments that among the uncollected debts due Peter Abell's estate then in the hands of the administra-

tors. were two notes aggregating $1,116.31, exclusive of interest, in amount, executed by F. T. Abell to his father, which were never paid by him, and the administrators of the father's estate were never able, by suit or otherwise, to collect; with which debts F. T. Abell's children, the appellants, should be charged in the final distribution of Peter Abell's estate; and that to charge them with these debts of their father and the amounts he received from his father, Peter Abell, by way of advancements, as shown by the judgment in the former action, would leave them unentitled to any part of the proceeds of the dower land, as it would require more than the whole of such proceeds to make the other heirs at law of Peter Abell severally equal in amount to what was received by F. T. Abell. The above contention of the appellees was adopted by the circuit court as the law of this case; and appellants being dissatisfied with the judgment entered in conformity to that conclusion, have appealed.

The answer of the appellants controverts the right of appellees to charge them in the distribution of the proceeds of the dower land with the indebtedness that was owing by their father to Peter Abell's estate, and pleads the statute of limitations as a bar to such right. It appears from the record before us that suit was brought by the administrators of Peter Abell's estate upon the two notes of F. T. Abell and judgment obtained thereon against him; that in due course execution was issued on the judgment, placed in the hands of the sheriff of Marion county, and by him later returned endorsed "no property found." As the judgment was obtained and execution issued and returned in 1882, and it does not appear that a second execution was ever issued, it is patent that more than fifteen years elapsed between the date of the rendition of the judgment and, also, between the date of the issuance of the execution, and the institution of this action.

It is insisted for appellants that as the amount of the two notes owing by their father, F. T. Abell, were never charged by Peter Abell as advancements in the book kept for that purpose, as were various sums entered therein as advancements to F. T. Abell and his other children, it was not the intention of the decedent that the amounts evidenced by the notes should be treated as advancements. Therefore, they are to be regarded as on a footing with an ordinary debt owing the estate by a debtor other than an heir at law of the decedent, and if

so regarded, the judgment into which they were merged is barred by the statute of limitations.

On the other hand, it is argued by counsel for appellees that whether the amount that was due from F. T. Abell to the estate of Peter Abell be considered a debt or an advancement, to permit his heirs to escape being charged therewith and at the same time adjudge them an equal portion of the proceeds realized from the sale of the dower land, would be grossly inequitable. We deem it unnecessary, however, to pass on either of these contentions further than to say that both were determined by the judgment rendered in the action to settle the estate of Peter Abell, brought by the administrators thereof against the widow and heirs at law of the decedent. In that action an order was entered referring the cause to the master commissioner to "ascertain the assets in the hands of Peter Abell's administrators and to take proof to ascertain all claims against said estate and report same, and also to ascertain all the advancements made by said Peter Abell in his lifetime to his children and report same." It appears from the report later made by the master commissioner that appellant's father, F. T. Abell, was indebted to the estate of Peter Abell upon the two notes referred to aggregating $1,116.31, exclusive of interest, and that he had been charged by his father, Peter Abell, with $930.00 as an advancement; the report also showing the advancement of much smaller sums made by the decedent to his other children. The judgment of the court confirmed the report of the commissioner and declared F. T. Abell not then entitled to receive any part of the small amount of the estate in the hands of the administrators for distribution among the heirs at law, and provided that he should not thereafter receive anything further from the decedent's estate until the other heirs at law might receive such amounts respectively as would make them equal with him and his brother, Geo. R. Abell.

As it appears from the record in the instant case that the entire proceeds of the dower land distributed to the other heirs at law of Peter Abell will be insufficient to give each of them an amount equal to what was received by F. T. Abell from Peter Abell's estate by way of advancement and his indebtedness to the estate, his children, the appellants, are by the terms of the judgment in the former suit, necessarily excluded from participating in that distribution. We are not called upon to say whether

or not the rights of the parties to the former action were properly determined by the judgment rendered therein. Appellees are concluded by its terms because their father, F. T. Abell, was a party to that action, and before the court by due service of process. If dissatisfied with the judgment he might by appeal have obtained a review thereof by this court; but no appeal was taken from the judgment, and it is as binding upon appellants as if they had been parties to that action. In its determination of the rights of the parties in the instant case the circuit court was also concluded by the judgment in the former action.

Hence, the judgment here appealed from is affirmed.